Douglass agt. Haberstro.

---

## SUPREME COURT.

ALICE DOUGLASS agt. JOHN L. HABERSTRO, as Sheriff of the County of Erie.

*When and how exceptions taken upon a jury trial may be heard in the first instance at general term — Final judgment not stayed by motion for a new trial — A formal order must be entered — Code of Civil Procedure, sections 1000–1005.*

An order sending the exceptions to the general term to be heard in the first instance does not suspend the entry of judgment, unless the order as entered also provides for the suspension of judgment upon the verdict.

The motion to be made in the general term is for a new trial on the exceptions, and all that court has power to do is to grant or refuse the motion.

*Erie County Special Term, August, 1881.*

MOTION to vacate the judgment entered February 19, 1881, and the execution issued thereon July 22, 1881, and for such

Douglass agt. Haberstro.

other relief as might be proper, upon the ground that the said judgment was irregularly and improperly entered, among other things in this — that the order of the court made December 17, 1880, on the conclusion of the trial at the circuit, stayed all proceedings upon the verdict, until this decision of the general term upon the exceptions taken by the defendant, claiming that the simple direction. sending exceptions to the general term in first instances, operated under the Code of Civil Procedure (*sec.* 1000), as under the old Code (*sec.* 265), to stay all proceedings upon the verdict until the decision of the general term upon the exceptions.

The trial was concluded December 17, 1880, before justice BARKER and a jury. The following is an extract from stenographer's minutes.

The court said to the jury: " You are directed by the court to render a verdict of $1,360.20 in favor of the plaintiff. I think those exceptions ought to be heard at general term in first instance.

" Mr. Moot (defendant's attorney) — Your honor will note an exception to your ruling, and your honor will give us sixty days stay of proceedings."

The entry in clerk's minutes was as follows:

" Defendant allowed sixty days to make and serve case and exceptions, with stay of proceedings in the meantime, and ordered that exceptions be heard at general term in first instance."

February 17, 1881, in default of defendant's so doing, plaintiff entered a formal order, dated December 17, 1880, which read as follows :

" On motion of defendant's attorneys, said defendant is hereby allowed sixty days from date of this order within which to make and serve case and exceptions, with a stay of proceedings in the meantime, until the expiration of said sixty days.

"And it is hereby ordered that the exceptions be heard at general term in the first instance."

Douglass agt. Haberstro.

February 19, 1881, plaintiff entered judgment upon her verdict. The exceptions were argued at the general term in June 1881, and decision thereon reserved.

Plaintiff issued execution upon her judgment July 22, 1881, and a levy was made thereunder.

Notice of this motion was served July 24, 1881, and the same was heard upon affidavits.

*Adelbert Moot*, for motion.

*John Campbell Hubbell*, for plaintiff, opposed, argued that under the old Code, when the exceptions and motion for new trial thereon were sent to the general term, it was provided that the " exceptions must be there heard in the first instance, and judgment there given " (*Sec.* 265, *old Code*). And this disposition of the exceptions, of course, effected a suspension of judgment and a stay (judgment could only be granted under such statute by the general term), regardless of whatever loss and suffering it might entail upon the successful party, for the justice had no discretion, but a stay was thereby arbitrarily had. The provisions of the Code of Civil Procedure (*secs.* 1000 *and* 1005) have effected a much needed and most salutary change in the old practice, vesting in the trial justice an extended discretion in the sending of exceptions to general term, &c., not requiring that the judgment should be there given, but authorizing the entry of judgment upon the verdict, unless the trial judge directs that judgment upon the verdict be suspended until the decision of the general term granting or refusing a new trial (the order herein does not contain any such provision), when, in case such motion be denied, judgment may be entered then upon the verdict, if it had been suspended. And section 1000 (*id.*) also required the entry of a formal order embodying the direction of the court (*Sec.* 1000, *id*). Any claim that sending exceptions to general term in first instance, for motion for a new trial thereon, effects a stay of proceedings *ipso facto*, is effectually disposed

of by the further recent provisions of the new Code (*Sec.* 1005, *Code of Civil Procedure*). " The entry of final judgment, and the subsequent proceedings to collect or enforce it, are not stayed by an exception or  *  *  *  motion for a new trial, unless an order for such a stay is procured and served " (no exception is made on behalf of motion for new trial on exceptions at general term). "And the entry, collection, &c., of a judgment does not prejudice a motion for a new trial. When a new trial is granted, the court may direct and enforce restitution as when a judgment is reversed upon appeal." All of which goes to show that there cannot be a stay or suspension of judgment unless so ordered. Independent of the sending exceptions to general term for motion for new trial thereon, this section in effect says that that does not of itself suspend judgment, &c. It is not stayed thereby, "unless an order for such a stay is procured and served " (*Sec.* 1005, *id*). It also so indicates by providing for restitution, after collection of judgment, in case a new trial should be granted. It seems as if it were intended to temper justice and favor to the defeated party, with mercy, justice and security to the victor, by sending exceptions to be disposed of quickly, and to secure the fruits of his victory to the successful party in case his judgment be sustained. Unlike the old Code, in its phraseology, substance and purpose, it lets the exceptions go to general term, and yet does not work a stay unless so especially ordered. It vests power in the court to do perfect justice in disposing of the motion for a new trial, and yet allowing the entry of judgment upon conditions, or compelling defeated party to give security to avoid entry thereof, in other words, it authorizes an exercise of discretion, upon such facts as the particular case may disclose, in preservation of the rights of all parties. The hardship of the former practice to the successful party, and the effect it had often in defeating him upon his execution, called for the unfavorable comment of the courts upon so hard and unbending a rule, and resulted, as we submit, in the new statutory provisions under discussion.

It seems to us that it is "the other things" besides the entry of formal order referred to by TALCOTT, J., in *Cole* agt. *Webster* (17 *Hun*, 507). It cannot be anything else. If the new Code was not intended to change the old harsh practice, why the change in the phraseology and restraint of its provisions? That this is a very important point of practice arising under the new Code not yet adjudicated upon, and that the views here presented are concurred in by some of the ablest lawyers at this bar, must be my apology for presenting and further urging these considerations upon the court. Of course, the direction of the court and not its intention must govern. It is easy to see how a party entitled to a stay could secure the order of the court therefor. In any event, it is hard for us to see why, in case of a result unfavorable to plaintiff upon this motion, she should be charged with costs for following the stenographer's minutes, those of the clerk, the directions of the court (as she understood them), and the order as entered.

BARKER, J. — The defendant's motion is granted, without costs, and the order entered by the clerk is to be amended so that it will in terms provide for a stay until decision of exceptions at general term.

There can be no fair doubt but that the defendant's attorneys understood that the effect of the order was to stay all proceedings upon the verdict until the exceptions were heard and decided.

It was intended by the court that judgment be suspended, and I am unwilling that such intention be frustrated by an erroneous entry of the order by the clerk.

Mr. Hubbell should not have entered a formal order in the form which he did, reciting that it was done on the motion of the defendant's attorneys. That action was an interference, and the terms of the order is not in strict conformity to entry in clerk's minutes. But Mr. Moot seemed to have

acquiesced in the act done, by Mr. Hubbell, in his name, which mitigates this feature of irregularity.

I am inclined to the opinion that an order sending the exceptions to the general term, there to be heard in the first instance, does not suspend the entry of judgment unless the order as entered also provides for the suspension of judgment upon the verdict. Section 1000 (*Code of Civil Procedure*) is in the article entitled "Exceptions, Case and Motion for a New Trial."

The motion to be made in the general term is for a new trial on the exceptions, and all that court has power to do is to grant or refuse the motion:

If the opposing affidavits had contained facts showing the judgment could not be collected, if the motion for a new trial is denied, I should have sought to make an order retaining the lien now secured by the entry of judgment, but it would be contrary to the express understanding on the trial to allow this verdict to be collected before the decision of the general term   It was the very object and purpose of the order to have the law of the case settled before further proceedings on the verdict were had.